```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**RICHARD D. BURK,**

                    **Petitioner,**

        **v.**                                      **CASE NO. 09-3073-RDR**

**SHELDON RICHARDSON,**

                    **Respondent.**

<u>**O R D E R**</u>

    This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner currently confined in a detention facility in Leavenworth, Kansas. Petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this habeas action is granted.

    Petitioner states he is challenging a 1993 credit union robbery conviction that he claims is being used against him in his current criminal proceeding in federal court. *See* <u>U.S. v. Burk</u>, Case No. 08-20128-KHV (petitioner convicted April 1, 2009, on guilty plea to bank robbery charge); <u>U.S. v. Burk</u>, Case No. 93-40034-RDR (petitioner convicted on guilty plea to charges of charges of bank robbery and being a felon in possession of a firearm). Petitioner broadly claims his 1993 federal conviction should be dismissed with prejudice because the district court lacked jurisdiction to convict him. Having reviewed petitioner's habeas application, the court finds it is subject to being summarily dismissed.

    It appears petitioner is attempting to invalidate a prior federal conviction to prevent it from being counted in the criminal

history score in his current sentencing. Indeed, the docket sheet in petitioner's pending criminal action includes a pending Motion to Dismiss filed by petitioner in which it appears he advances the very same jurisdictional claim against the 1993 conviction as asserted in the instant action.

Nonetheless, to the extent the prior conviction identified by petitioner might still be subject to legal challenge, petitioner must proceed as provided and limited under 28 U.S.C. § 2255 in a petition filed in the sentencing court.[1] Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). To pursue relief under 28 U.S.C. § 2241, petitioner must first demonstrate the remedy available 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence. Bradshaw, 86 F.3d at 166. *See also* Williams v. United States, 323 F.2d at 673 (for federal prisoners, § 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate

---

[1] Obvious statutory limitations appear to be at issue in this instance. To seek relief under 28 U.S.C. § 2255, petitioner would first have to show that he was still in custody under the sentence imposed in the challenged federal case. 28 U.S.C. § 2255(a). He would also have to satisfy the one year limitation period imposed for seeking relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty (AEDPA) on April 24, 1996; Serrano v. Williams, 383 F.3d 1181, 1183 (10th Cir. 2004)(one year grace period from April 24, 1996, to seek relief under 28 U.S.C. § 2254 on pre-AEDPA conviction). And because it appears petitioner previously sought relief under § 2255 from his conviction and sentence in U.S. v. Burk, Case No. 93-40034-RDR, certification by the Tenth Circuit Court of Appeals as provided by 28 U.S.C. § 2255(h) would be required to pursue relief on a second or successive § 2255 motion.

or ineffective to test the legality of the prisoner's detention").

Accordingly, absent a showing by petitioner that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the 1993 conviction being challenged, the instant petition is subject to being dismissed because this court lacks jurisdiction under 28 U.S.C. § 2241 to consider allegations of constitutional error in that federal conviction and sentence.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the instant petition filed under 28 U.S.C. § 2241 should not be dismissed for the reasons stated by the court.

DATED:  This 17th day of April 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge